## W. B. P. GAINES v. ROBERT G. SALMON.

Where there was a bill of exceptions to the exclusion of certain evidence, and the statement of facts which was certified by the Judge alone, the parties failing to agree, stated that said evidence was not excluded, this Court said, As the bill of exceptions is the appropriate form, in which the ruling of the Court should be reserved for revision, we are not authorized to disregard it, upon the ground that the Judge, in the statement of facts, without any explanation, says, in the face of the bill of exceptions allowed and signed by him, that it was not excluded from the jury.

The defendant may plead as a set-off, by amendment, a claim acquired after the suit was brought, subject to the question of costs under the Statute.

If the Judge, after receiving and permitting the evidence to go to the jury, had become convinced that it was not legal evidence, there is no impropriety in his correcting his own error, and excluding it from the jury.

Objections to the form in which a defence is presented, must be taken and disposed of by exception, and cannot be made on the trial, to the admission of evidence to sustain the defence.

Appeal from Brazoria. Tried before the Hon. Nelson H. Munger.

The statement of facts merely said, in relation to the bill of exceptions—

" The draft not ruled out as appears by the bill of exceptions."

*Harris and Terry*, for appellant.

LIPSCOMB, J. The appellant, who was the defendant in the Court below, by an amended answer, pleaded by way of set-off a claim against the plaintiff below, founded upon the draft of the plaintiff on Brooks & Hanson, in favor of Phelps, and assigned to the appellant after the commencement of suit. He alleged that the draft was drawn on Brooks & Hanson, and

paid by them, without any funds of the drawer in their hands, but for the accommodation of the drawer ; that the amount so paid on the draft, had never been paid to Brooks & Hanson, who assigned it for a valuable consideration to appellant, (defendant in the Court below.) The plaintiff excepted to the plea, and his exception was overruled by the Court. On the trial, the defendant offered evidence conducing to prove the allegations in the plea of set-off ; and there was evidence conducing to prove the plaintiff exonerated from the payment of the draft. " After the evidence had been closed, and after ar- " gument had been commenced, and had been closed by the " counsel for the defendant, the Court, of its own motion, ex- " cluded the said accepted draft and its indorsement from the " jury, and instructed the jury to disregard the same ;" which was excepted to by the defendant, and his exception signed and sealed by the Judge. This bill of exceptions signed and sealed by the Judge and made a part of the record, is subsequently contradicted by the Judge, in the statement of facts, made out by him,—the parties failing to argree upon the facts.

It is strange that such discrepancies should be presented by the record ; but as the bill of exceptions is the appropriate form, in which the ruling of the Court, objected to by the adverse party, should be reserved for revision, we are not authorized to disregard it, upon the ground that the Judge, in the statement of facts, without any explanation, says, in the face of the bill of exceptions allowed and signed by him, that it was not excluded from the jury. The record does not disclose the grounds of the exception to the plea, nor the grounds upon which the Court, after overruling the exception and permitting the evidence to be given to the jury, excluded it from them. That it was assigned after suit had been commenced, afforded no ground of objection to its admissibility ; if sustained, it would have devolved on the defendant to pay the costs of suit if the set-off had exceeded the amount sued for by

the plaintiff, and proved to have been due from the defendant. Any objection to the form in which it had been presented by the defendant in his plea, ought to have been disposed of on the exceptions of the plaintiff, and then the defendant would have had the privilege of offering an amendment. (Williams v. Bailes, 9 Tex. R. 61.) If the Judge, after receiving and permitting the evidence to go to the jury, had become convinced that it was not legal evidence, there is no impropriety in his correcting his own error, and excluding it from the jury. We do not believe, from the record, that the evidence excluded from the jury, in this case, was illegal and inadmissible. It may not have been sufficient, in the estimation of the jury, to establish the facts for which it was offered ; but it was most clearly a question for their determination. If, after hearing the evidence of the defendant, in support of the set-off, and the adverse evidence of the plaintiff, they should believe the facts exonerated the plaintiff from payment of the amount of his draft, the set-off would have been rejected by them, in their verdict. Believing the Court erred in excluding the evidence from the jury, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

WHEELER, J., being unwell, did not take part in the decision of this case.