## G. F. HAMILTON v. P. G. DISMUKES.

Decided January 6, 1909.

**1.—Continuance—Diligence—Deposition—Materiality.**

Application for continuance held properly overruled (1) for want of diligence in procuring deposition of the desired witness, and (2) for failing to aver that his testimony was material. The last, being specifically required by statute (art. 1278) must appear by the affidavit, though the record supports an inference of its materiality.

**2.—Pleading—Itemized Account.**

Where the petition showed a sale of a stock of merchandise in bulk, at a lump sum, upon an inventory made out and agreed to by the parties, it was not necessary to set out an itemized statement of the goods, as in a sale upon open account.

### 3.—Evidence—Declaration of Parties.

It was error to exclude a declaration of plaintiff to a third party, pending the sale out of which the litigation arose, that there would be a law suit and trouble about the matter, and that he would give such third party half of what he could beat the defendant out of.

### 4.—Evidence—Bill of Exceptions—Statement of Facts.

Where the bill of exceptions differs from the statement of facts as to what would have been the testimony of a witness which was excluded, the former will prevail where the statement was not agreed to by the parties, but was made by the judge.

### 5.—Pleading—General Denial.

Under a general denial, by supplemental petition, of allegations in a plea charging plaintiff with conversion of certain abstracts of title belonging to defendant the plaintiff could prove any facts showing that he was lawfully in possession of them. It was not necessary to specially plead such facts, and they stood as generally denied by statute (Rev. Stats., art. 1193).

### 6.—Counterclaim—Unliquidated Damages.

Though plaintiff's action was upon a liquidated demand defendant could assert a counterclaim for unliquidated damages growing out of the same transaction.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*James H. Robertson,* for appellant.—The petition was insufficient because it failed to set forth an itemized statement of the furniture that was accepted and used by defendant under the contract, with its value. Caldwell v. Haley, 3 Texas, 318; Weatherford Ry. Co. v. Granger, 22 S. W., 71; Forbes v. Moore, 32 Texas, 198; Beck v. Avondino, 82 Texas, 316; Schnider v. Ferguson, 77 Texas, 572; Railway Co. v. Ross, 62 Texas, 448; Randall v. Rosenthall, 31 S. W., 823; 24 Am. & Eng. Ency. of Law, 1636; Benjamin on Sales (7th ed.), sec. 87; 4th Ency. Pleading and Practice, 918; 6th Ency. Pleading and Practice, 259.

The plaintiff being charged with fraud, and the evidence being conflicting and sufficient to support a finding thereon in defendant's favor, defendant had the right, on cross-examination of the plaintiff, to prove his declarations to his partner that he would give him one-half of what he could beat defendant out of, said declarations being made shortly after the contract of sale and before this suit was brought. Texas & P. Ry. Co. v. Brown, 78 Texas, 401; Evansich v. Ry. Co., 61 Texas, 27; 3 Ency. of Evidence, 849; Wharton, Law of Evidence (2d ed.), sec. 544; Greenleaf on Evidence (13th ed.), sec. 446.

The court erred in permitting the plaintiff Dismukes, over the objection of the defendant to testify that the defendant had agreed with him to furnish him an abstract of title to the Dallas County land sold him, and agreed with him that he (Dismukes) might hold the abstract of title turned over to him until such abstract was furnished him. Townes on Texas Pleading, 340; Willis & Bro. v. Hudson, 63 Texas, 682; Guest v. Lubbock, 5 Texas, 538-9.

*Allen & Hart,* for appellee.—The question, an answer to which it

is claimed the court refused to permit plaintiff to give, was answered. Ramsey v. Hurley, 72 Texas, 200; Galveston, etc., Ry. Co. v. Parsley, 6 Texas Civ. App., 150; Denison v. O'Malley, 18 Texas Civ. App., 200; Byers v. Wallace, 25 S. W., 1046; Sullivan v. San Antonio, 62 S. W., 556; Ellis v. Lee Bow, 30 Texas Civ. App., 449.

The statement sought to be proved was made long after the written contract sued on had been executed and the sale thereunder completed, and was immaterial to any issue in the case, and would have been hearsay. Stoddard v. McMahan, 35 Texas, 298.

The plaintiff, by supplemental petition filed after the filing of defendant's amended answer containing defendant's plea of reconvention for value of abstracts, having made general denial of the facts therein alleged, it was proper to permit the plaintiff to testify that defendant had agreed that plaintiff should retain such abstracts of title until another abstract was furnished. McDonald v. Tinnon, 20 Texas, 246; Morris v. Kosling, 79 Texas, 145; Kuteman v. Carroll, 70 S. W., 563; Cook v. Greenberg, 34 S. W., 688.

The court erred in overruling the special exception of the appellee to the plea in reconvention of the appellant, because such plea in reconvention was based on an unliquidated demand, upon an alleged cause of action not arising out of or incident to or connected with appellee's cause of action. Rev. Stats., art. 754; Hillman v. Edwards, 74 S. W., 787.

RICE, ASSOCIATE JUSTICE.—Appellee sold to appellant a certain stock of merchandise, together with the furniture and fixtures thereto belonging, and this suit was brought by him to recover the sum of $908.40, alleged to be the balance due on the purchase price thereof. Appellee pleaded that the same were to be paid for by appellant at sixty-seven and one-half cents on the dollar on the "house cost."

Appellant answered by general and special demurrers, general denial, and in addition pleaded by way of cross-action that he had paid the plaintiff sixty-seven and one-half percent of the invoice price of the goods sold him; that the price that he was to pay therefor was to be sixty-seven and one-half percent of what said goods cost the plaintiff; that it was afterwards ascertained that the plaintiff did not pay the amount therefor as shown by the invoice price, but had purchased the same at twenty-five percent discount thereon; that by reason thereof, appellant had paid appellee in excess of the amount to which he was entitled, the sum of $769.45; wherefore, he plead the amount so paid in excess in reconvention. Defendant further alleged that he had loaned the plaintiff several abstracts of title covering a tract of land accepted by plaintiff in part payment of the purchase price of said stock of goods, which appellee promised to return as soon as he could have the title examined by his attorney, the reasonable value of said abstracts being $500; and that appellee had converted said abstracts to his own use, and prayed judgment against him on this account for the sum of $500.

To this pleading appellee filed a supplemental petition, containing an exception in the nature of a plea in abatement and misjoinder and a general denial.

A jury trial was had, the case being submitted upon special issues, resulting in a verdict and judgment in favor of appellee against appellant for the sum of $855.70, from which this appeal is prosecuted.

When the case was called for trial appellant moved to continue for the purpose of obtaining the testimony of the witness Marsh. From the recitations in said motion it would appear that the testimony of this witness was material, but there was no affirmative statement in said motion that such testimony was material. It further appears from the record that the suit was filed on the 15th of June, 1906, and that defendant's original answer was filed on the 20th of August next thereafter, and his amended answer on the 17th of September, 1907, and that on November 18, 1907, on the call of the docket for announcements, defendant announced ready for trial. His interrogatories to the witness Marsh had not then been filed with the clerk, nor had notice, time and commission been waived by the plaintiff, nor had plaintiff crossed the same. On the day after defendant's announcement plaintiff did make waiver and crossed said interrogatories. The case was called for trial and tried on the 23d of November, 1907.

We think the motion was properly overruled, first, because in our judgment there was a total lack of diligence shown to obtain the testimony of said witness, who it seems from the motion resided in McLennan County, Texas. Besides this, said motion was fatally defective, because there was no affirmative allegation therein that the testimony sought was in fact material. This is specifically required by art. 1278, Sayles' Rev. Stat. In Patton v. Williams, 35 Texas Civ. App., 129, the exact question with reference to the necessity of the allegation that the testimony is material was considered and determined adversely to the contention of appellant. This assignment will therefore be overruled.

By his third, fourth, fifth and sixth assignments of error appellant urges that the court erred in overruling his special exceptions to plaintiff's petition, to the effect that said petition was defective in that it failed to set forth an itemized statement of the goods, wares and merchandise so purchased by him from appellee. It was alleged in the petition that the plaintiff and defendant had jointly inventoried the same, making out duplicate copies thereof, which was agreed to by the defendant as being correct; and that the plaintiff delivered to defendant said merchandise, furniture and fixtures in pursuance to said contract, and that the same were accepted by the defendant in accordance therewith, and a part of the agreed purchase price paid therefor. In view of these allegations it appears to us that it was unnecessary to set out in the petition an itemized statement of said merchandise, furniture and fixtures, as contended for by appellant, because it appeared therefrom that the sale was one in bulk at a certain price, which had been agreed upon by the parties, and delivery thereof made in accordance therewith. In our judgment it was not analogous to a sale upon open account, and the authorities cited and relied upon by appellant in support of his contention are, therefore, not applicable.

The seventh assignment, in effect, raises the same question in a different form as that raised by the last preceding ones, and is for the same reason overruled.

By his eighth assignment appellant urges that the court erred in refusing to permit him to prove by the plaintiff Dismukes when upon the stand testifying in his own behalf that he, Dismukes, had stated to Marsh that there would be a lawsuit or trouble about this sale of goods, and that he said to said Marsh that he would give him one-half of what he could beat the defendant out of. It appears from the recitations of the bill that Dismukes and Marsh were partners, and interested in the sale of these goods to appellant. The court sustained an objection on the part of appellee to this proposed testimony, on the ground that the same was hearsay and that Marsh was not a party to the suit. The bill further recites that Dismukes would have testified that after the sale of the goods and before the stock was turned over to the defendant, and before the payment of the money by the defendant to the plaintiff, which defendant claims to be in full settlement of the amount he owed therefor, that plaintiff stated to Marsh that there would be a lawsuit and trouble about the sale of said goods and furniture, and that he, plaintiff, stated that he would give Marsh one-half of what he could beat the defendant out of.

We think that appellant was entitled to the evidence thus excluded. It has a tendency to affect the credibility of the witness and should have been allowed. It was not hearsay, but was the declaration of the plaintiff himself tending to show his bias and interest in the matter, and was clearly admissible. (Texas & Pacific Ry. Co. v. Brown, 78 Texas, 401; Evansich v. Gulf, C. & S. F. Ry. Co., 61 Texas, 27; 3 Ency. Evidence, 849; Wharton, Evidence (2d ed.), sec. 544; Greenl., Evidence (13th ed.), sec. 446.) In Evansich v. Railway, supra, it is said: "Upon cross-examination an inquiry may be made into the situation of the witness with respect to the parties and the subject matter of the litigation, his interests, his motives, his inclinations and prejudices, his means of obtaining correct and certain knowledge of the facts to which he bears testimony, the manner in which he uses those means, his power of discernment, memory and description may be fully investigated and ascertained. 1 Greenleaf, 416; Starkie on Evidence, 195. . . . As all issues of fact must be determined by the testimony of the witnesses, it would seem that any fact which bears upon the credit of a witness would be a relevant fact, and this whether it goes to his disposition to tell the truth, his want of opportunity to know the truth, his bias, interest or want of memory or other like fact. Winston v. Cox, 38 Ala., 274."

Appellee contends, however, that there is a conflict between the bill of exceptions and the statement of facts in this particular, and that it is shown in the statement of facts that this witness denied that he told Marsh that he would give him half of all he would help him beat Hamilton out of, and his contention is supported by the statement of facts. He likewise contends that in the event of such conflict between the bill of exceptions and the statement of facts that the statement will control, citing in support of said contention Denison v. O'Malley, 18 Texas Civ. App., 200; Byers v. Wallace, 25 S. W., 1046; Sullivan v. City of San Antonio, 62 S. W., 556; also Galveston Railway Co. v. Parsley, 6 Texas Civ. App., 150; Ellis v. Le Bow, 30 Texas Civ. App., 449, and Ramsey v. Hurley, 72 Texas, 200. It will

be observed, however, that in all of these cases, except the last three, it appears that the statement of facts was agreed to by the parties, and in the last three the record is silent as to this matter. The court in these cases where there is an agreed statement of facts holds that as the burden is upon appellant to show error, it will not undertake to determine which is correct, because all parts of the record, under such circumstances, import the same verity. But a different rule obtains, however, and the bill of exceptions will control where the statement of facts, as in the present case, is not agreed to by the parties, but is made up by the court alone. (Gaines v. Salmon, 16 Texas, 311; McClelland v. Fallon, 74 Texas, 236.) Believing that the court erred in the exclusion of this testimony, this assignment is sustained.

There was no error committed in allowing Dismukes, over the objection of defendant, to testify that the defendant had agreed to furnish him an abstract of title to the Dallas County land, and that Dismukes might hold the abstract of title turned over to him until such abstract was furnished to him. A general denial was filed by plaintiff in his supplemental petition, which applied to defendant's plea charging appellee with conversion of the abstract; and even if he had not filed such denial, the statute would interpose the same in his behalf. (Rev. Stats., art. 1193.) This evidence was admissible under the general denial, and it was not necessary, in our judgment, to have specially plead these facts. Appellee was charged with conversion of the abstract, and under a general denial he could show that he was lawfully in possession of said abstract, and was therefore not liable for its value.

The tenth assignment complains of the refusal of the court to give certain charges, but in his brief presents only three, Nos. 7, 8 and 9, for consideration. In view of another trial, we are inclined to believe that these three charges should have been given.

The remaining assignments raise in our judgment questions of fact; and we, therefore, refrain from their discussion, as they will not likely occur on another trial.

Appellee by his cross-assignment urges that the court erred in overruling his special exception to appellant's plea in reconvention, because such plea was based on an unliquidated demand upon an alleged cause of action not arising out of or incident to or connected with appellee's cause of action. It is true that the suit is based upon a liquidated demand, but it appears from the pleadings and evidence that it was agreed and understood that appellee should take in part payment for the stock of goods sold him by appellant, a certain tract of land in Dallas County, the title to which was warranted by appellant, and that appellant was to let appellee have an abstract to aid him in passing upon the title, which was to be returned to appellant after the consummation of the transaction. It was alleged that appellee received the abstract, refused to surrender the same to appellant and converted the same to his own use and benefit; wherefore, he claimed that he was entitled to recover of appellee its value.

We are inclined to believe that the court did not err in overruling said special exception, because, in our judgment, the same arose out of, was incident to and connected with the original cause of action,

(Rev. Stat., art. 754.) We therefore overrule appellee's cross-assignment.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*