LIND v. REEVES & CO. et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 5, 1913. Rehearing Denied March 5, 1913.)

1. APPEAL AND ERROR (§ 1011*)—FINDINGS—CONFLICTING EVIDENCE.

Findings of the trial court, sustained by ample evidence, could not be disturbed on appeal, though the evidence was conflicting.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

2. EVIDENCE (§ 471*)—CONCLUSION OF WITNESS.

In a buyer's action for defects in a traction engine purchased, testimony of engineers, who had had charge of the engine, that it was absolutely new, and had not been run enough to injure it, was not inadmissible as the statement of an opinion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

3. EVIDENCE (§ 519*)—EXPERTS—COMPETENCY.

An engineer, who qualifies as an expert on engines, may give his opinion as to whether an engine with which he is familiar is new.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2328; Dec. Dig. § 519.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

4. APPEAL AND ERROR (§ 664*)—STATEMENT OF FACTS—ASSIGNMENT OF ERROR.

Where the statement of facts did not show that a witness testified to the facts set out in the bill of exceptions and complained of in the assignment of error, the court of review could not decide that error existed; the statement and bill being of equal dignity.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2856–2859; Dec. Dig. § 664.*]

5. APPEAL AND ERROR (§§ 690, 742*)—STATEMENT OF FACTS—ASSIGNMENT OF ERROR—STATEMENT ACCOMPANYING.

Where neither the statement of facts nor the statement under an assignment of error shows the admission of testimony such as is complained of, the assignment will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2897–2899, 2902–2904, 2906, 2908, 3000; Dec. Dig. §§ 690, 742.*]

Appeal from District Court, Bee County; E. A. Stevens, Judge.

Action by L. A. Lind against Reeves & Co. and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Dougherty & Dougherty, of Beeville, and J. D. Wheeler, of Aransas Pass, for appellant. J. C. Crisp and Beasley & Beasley, all of Beeville, for appellees.

FLY, C. J. This is a suit instituted by appellant against Reeves & Co., a foreign corporation, John W. Felix, and the First State Bank of Skidmore, Tex., to rescind a sale to him of a certain 25 horse power traction engine, to cancel certain notes given for purchase money of the engine, and for actual damages in the sum of $2,740.75, and $10,000 exemplary damages as against Reeves & Co. and John Felix. In the alternative, it was prayed that he have judgment for the difference in value of the engine delivered and the one contracted for, which was alleged to be $2,600, and for actual damages in the sum of $2,740.75. No cause of action is shown in the petition against the First State Bank of Skidmore, and no judgment was sought by appellant against the bank, so far as the record discloses. The evidence fails to show that the bank had any connection with the case; it filed no answer; and no disposition seems to have been made of it. The bank is not recognized in the appeal bond. Neither was it a necessary party.

It was alleged in the petition that on or about January 18, 1911, appellant bought a 25 horse power traction engine from John W. Felix, the agent of Reeves & Co., which engine was represented by the vendors to be new, well made, and of good material; that on January 27th Reeves & Co. delivered a traction engine to appellant, and, relying upon the representations of appellees, appellant executed for the purchase money of the engine his promissory notes, aggregating the sum of $2,600, and to secure payment of the same executed a deed of trust on certain land and a chattel mortgage on the traction engine and other personal property. It was further alleged that the engine was not a new one, but was secondhand and had been in use for years, and was very defective; that its defects and age had been concealed by paint and polish, so that they could not at first be discovered, but they developed from time to time as the engine was used. Appellees answered by general and special demurrers and general denial, and answered specially, admitting the sale of the engine, its delivery to appellant, his execution of the notes, deed of trust, and chattel mortgage, and prayed for judgment on the notes and foreclosure of the liens on the land, engine, and other personal property.

The cause was tried without the intervention of a jury, and judgment was rendered that appellant take nothing by his suit; and that appellees recover from appellant the sum of $3,028.80, and that the liens be foreclosed on the engine and appurtenances thereto belonging, and four horses, and on 320.7 acres of land in Bee county, and for all costs of suit.

The court filed the following conclusions of fact, which are adopted by this court: "On the 18th day of January, 1911, the plaintiff and defendants entered into a contract in writing, by the terms of which the defendant Reeves & Co. agreed to deliver to the plaintiff at Skidmore, Tex., one traction engine of 25 horse power, for a consideration of $2,600. On the 27th day of January, 1911, in compliance with the terms of said contract, the said defendants delivered to the plaintiff a 25 horse power engine in the town of Skidmore, Tex. On the 27th day of January, 1911, the plaintiff executed and delivered to said defendants his four promissory notes for $2,600, together with a mortgage on a certain tract of land and a chattel mortgage on certain personal property, including said engine. It was not specified in said contract whether said engine should be a new one or a secondhand one; but said contract was drawn upon a form used in the sale of new engines, and said engine was represented to be a new engine (save some use thereof on exhibition at the fair grounds at Oklahoma City)."

[1] Our adoption of the conclusions of fact of the trial judge disposes of the first and second assignments of error. The evidence as to the condition of the engine when delivered was conflicting; but there was ample testimony, if credited, to sustain the judgment of the court. Appellant testified that he plowed 240 acres of land with the engine, 90 acres of which was brush land; that he was plowing with it over two months. He made no complaint about the engine until in September, seven months after he received it. He left it out in the weather all the time he had it. He said that he did not know the engine was secondhand until Boep-

ple told him. He carried it out of the county and left it, and, when he left it, it was in good condition. He ran the plow against a big root and broke the "master gear." On August 8, 1911, he wrote appellees that his engine was in good condition. Boepple had charge of the engine for appellant from August 20 to September 20, 1911. He found the engine in· bad condition, indicating that it had been used by an incompetent and inexperienced person. He testified that ,he thought the engine was secondhand, and had been used about three years. Blanchard, Williams, Felix, and Rendleman swore that the engine was new and in good condition when delivered. The conflict in the testimony was resolved by the trial judge in favor of appellees, and we cannot disturb his finding. The assignments assailing the sufficiency of the testimony to sustain the judgment are overruled.

[2] Blanchard testified that the engine was "absolutely new." He had charge of it in Oklahoma, and was acquainted with engines; and it was not error to allow him to testify that it was new. It was not the statement of an opinion, but of a fact.

[3] He qualified as an expert in regard to engines, and his opinion would have been admissible as to whether the engine was new. Appellant allowed the witness to swear, without objection, on the examination in chief, that the engine was new; and it was only when the question was asked, as to the condition of the engine, on the redirect examination, that appellant objected. If the court had refused to allow the witness to answer the question to which objection was urged, the testimony would still be in the evidence elicited on the direct examination. Appellant made no effort to have the testimony brought out on direct examination stricken out.

What has been said about the testimony of Blanchard applies to that of Rendleman, objected to in the fourth assignment of error. The witness was present when the engine came, and stated, without objection, that it was a new engine; and we fail to see how a statement, if it had been made, that it had not been run enough to injure it could have prejudiced appellant. The witness had nine years' experience with engines. He stated the engine had only been run a little.

[4] Another reason why the assignment cannot be sustained is that the statement of facts, which was agreed to by appellant, fails to show that the witness Rendleman testified to the facts set out in the bill of exceptions. In such case, the statement of facts is of equal dignity with the bill of exceptions, and we cannot say there was error. McMichael v. Truehart, 48 Tex. 220; Wiseman v. Baylor, 69 Tex. 66, 6 S. W. 743; Ramsey v. Hurley et al., 72 Tex. 194, 12 S. W. 56; McClel-

land v. Fallon, 74 Tex. 236, 12 S. W. 60; Jamison v. Dooley, 98 Tex. 206, 82 S. W. 780; Railway v. Van Belle, 26 Tex. Civ. App. 511, 64 S. W. 397; Hamilton v. Dismukes, 53 Tex. Civ. App. 129, 115 S. W. 1181.

[5] The fifth, sixth, seventh, and eighth assignments assail the action of the court in permitting four different experts to be asked if a man of ordinary intelligence, who had limited experience in running steam engines, could tell a new from a secondhand engine by inspecting it while walking around the same, and permitting an affirmative answer thereto. The statement under the four assignments fails to refer to the statement of facts to show that any such testimony was permitted by the court. We fail to find any such testimony in the statement of facts. Felix swore that a person of "some intelligence, after running this 25 horse power cross-compound engine, that had been used for a year or so, could tell it from a new engine," and that "a person of ordinary intelligence could tell a secondhand engine from a new one." Rendleman did not swear to anything like that stated in the bill of exceptions, and Richel only swore that "a man could tell an old and secondhand engine from a new one, after the engine has been used." The assignments are overruled.

The judgment is affirmed.