## C. E. JAMISON ET AL. V. H. H. DOOLEY ET AL.

### No. 1351.   Decided November 7, 1904.

**1.—Admission of Evidence—Bill of Exceptions.**

A bill of exceptions to the admission of evidence is sufficient to require the ruling thereon to be considered where it shows that the evidence was objected to, and the objections, and that they were overruled, though it does not show that the evidence was admitted, but the fact that it was admitted is shown by its appearing in the statement of facts, which constitutes a part of the record and may be considered in connection with the bill. (Pp. 209, 210.)

**2.—Evidence—Descent—Declarations of Interested Parties.**

Declarations as to descent and family history are not admissible where made by one interested in the inheritance at the time the declarations were made if the facts which they were admitted to prove are established, but otherwise if the declarant was not at the time so interested. (P. 210.)

**3.—Evidence—Harmless Error.**

Where the trial is without a jury the admission of improper evidence will not be held ground for reversal where the same facts were shown by other evidence properly admitted. (P. 210.)

**4.—Declarations Admissible in Part.**

An objection going to the admissibility of declarations offered in evidence as a whole was properly overruled where a part only of the declarations was admissible. (P. 210.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Haskell County.

Jamison and others sued Dooley and others for the recovery of land. defendants had judgment and plaintiffs appealed and on affirmance obtained writ of error.

*Jacob C. Baldwin, A. C. Foster,* and *H. G. McConnell,* for plaintiffs in error.—The bill of exception was sufficient to show that the testimony complained of was introduced in evidence, and the Court of Civil Appeals erred in holding that said bill was insufficient to show this fact. Heffron v. Pollard, 73 Texas, 96; Wiseman v. Baylor, 69 Texas, 64; Gulf C. & S. F. Ry. Co. v. Wedel, 42 S. W. Rep., 1030; Ramsey v. Hurley, 72 Texas, 194; Clarendon Land Co. v. McClellan & Bros., 86 Texas, 179, 192; Yarbrough v. Hudson, 19 Ala., 653; Montgomery v. Donnelly, 57 Cal., 68; Rules 55 and 56 of the District Court; Revised Statutes of Texas, arts. 1361, 1362.

It appearing from the record that the statement of facts was filed in the trial court prior to the adjournment of said court and within the time allowed by law for the filing of bills of exception, said statement of facts can be looked to in aid of the bill of exception and for the purpose of determining what testimony was adduced in evidence, and whether or not the testimony objected to in this bill of exception was introduced in evidence, and the Court of Civil Appeals erred in holding that said court could not look to the statement of facts in aid of the bill of exception, and in holding that it was necessary for the bill of exception to show that the testimony complained of was introduced

in evidence independent of the statement of facts, even though said statement of facts was filed in term time and within the time allowed for filing of bills of exception. Gulf C. & S. F. Ry. Co. v. Wedel, 42 S. W. Rep., 1030; Ramsey v. Hurley, 72 Texas, 194; Dreiss v. Friedrich, 57 Texas, 70.

The Court of Civil Appeals erred in overruling and refusing to consider appellants' first assignment of error, for the reason that the testimony of the defendant H. H. Dooley, complained of in said assignment, and set out in full in appellants' bill of exceptions number 1, referred to and made a part of said assignment, was self-serving declarations and hearsay testimony and was not admissible. Byers Bros. v. Wallace, 87 Texas, 516-518, and cases cited; Sargent v. Lawrence, 16 Texas, Civ. App., 543; Turner v. Sealock, 21 Texas Civ. App., 594; Lewis v. Bergess, 22 Texas Civ. App., 252; Schott v. Pellerim, 43 S. W. Rep., 944; McCutchen v. Jackson, 40 S. W. Rep., 177; 1 Phillips on Ev., 228; 1 Greenl. on Ev., sec. 145; Stroud v. Springfield, 28 Texas, 666; Nunn v. Mayes, 9 Texas Civ. App., 368.

Inasmuch as it appeared from the undisputed evidence that the plaintiffs were the legal heirs of John Jamison, to whom the land certificate by virtue of which the land in controversy was located issued, and inasmuch as it further appeared that neither said John Jamison or his legal heirs, or any other person legally authorized to do so, had ever sold or transferred said land certificate or the land upon which the same was located, the trial court should have rendered judgment for said plaintiffs for the entire 640 acres of land, and inasmuch as there was no legal or competent evidence adduced upon the trial of this cause connecting the defendants with the title to said land or certificates, said trial court and Court of Civil Appeals erred in rendering judgment for the defendant for any part of the land, and said trial court and Court of Civil Appeals also erred in not rendering judgment for the appellants for the entire tract of land involved in this suit.

The trial court erred in his second finding of fact, wherein he found that John Jamison, the father of Maria Jamison, died in Sabine County, Texas, prior to 1850, for the reason (a) that there was no evidence to support said finding except the self-serving declarations made by Maria Jamison and testified to by said Dooley, which evidence was not admissible, and was objected to. (b) And said finding that said John Jamison, father of Maria Jamison, was the grantee of the certificate and died in Sabine County, Texas, prior to 1850, was not supported by legal and competent evidence, and there was no evidence whatever that said John Jamison, father of Maria Jamison, ever came to Texas, or ever lived and died in Texas, except said declarations testified to by said H. H. Dooley, which were self-serving, hearsay, and inadmissible for any purpose.

*Martin & Wilson* and *Scott & Brelsford,* for defendants in error.— The trial court did not err in permitting H. H. Dooley to testify as

to the statements and declarations of Maria Jamison, J. Nelson Jamison and Allen Jamison, as set out in the statement of facts, for the reasons that such statements were made before any controversy had arisen, in their ordinary intercourse with those by whom they were surrounded, occurring naturally as a part of their daily life and conduct, and were properly admitted for the purpose of showing that John Jamison, father of Maria, came to Texas in 1840, and lived and died in Sabine County. Nehring v. McMurrain, 57 S. W. Rep., 945; Shepard v. Avery, 69 S. W. Rep., 85; Nunn v. Mayes, 9 Texas Civ. App., 369; Cook v. Carroll, 39 S. W. Rep., 1006.

Where there is evidence aliunde tending to show relationship between certain parties, declarations of the parties themselves to such relationship is admissible. Brown v. Lazarus, 5 Texas Civ. App., 85.

The court did not err in permitting defendant H. H. Dooley to testify as to statements and declarations made to him by Baker Jamison and John T. Fowler as set out in the statement of facts, for the reasons: (1) Because hearsay evidence when coming from the members of the family is admissible to prove pedigree, and for purpose of identity; (2) because such statements were made ante litem motem; (3) because such statements were made in their ordinary intercourse with those by whom they were surrounded, and occurring naturally as a part of their daily life; and (4) because their interest in the subject matter was remote and the declarations were made under circumstances giving weight and verity to the statements made. Byers v. Wallace, 87 Texas, 503; Shepard v. Avery, 69 S. W. Rep., 85; Nehring v. McMurrain, 57 S. W. Rep., 945.

On appeal from the district court the trial is not de novo, and the judgment will be affirmed unless material error has been shown, and the admission of immaterial evidence not cause for reversal, especially where, as in this case, from all the evidence no other judgment more favorable to appellants could have been rendered. Loomis v. Satter-twhite, 25 S. W. Rep., 68; Andrews v. Key, 77 Texas, 35; Brown v. Lazarus, 5 Texas Civ. App., 85.

GAINES, CHIEF JUSTICE.—The plaintiffs brought this suit to recover of defendants a tract of 640 acres of land in Haskell County which was patented to John Jamison, January 8, 1859, by virtue of an unconditional certificate for that quantity issued to him by the Board of Land Commissioners of Sabine County on the 6th day of May, 1844.

J. C. Baldwin and A. C. Scott were permitted to intervene and claimed title to one-half of the land by virtue of a grant from the plaintiffs. Their claim was not contested by the plaintiffs. The defendants pleaded not guilty and also the statutes of limitation of three years and five years. The case was tried without a jury and resulted in a judgment for defendants for an undivided two-thirds of the land, and for the plaintiffs and interveners for the other third. That is to say, the plaintiffs had judgment for one-sixth and the interveners recov-

ered one-sixth. Both the plaintiffs and the interveners appealed, but in the Court of Civil Appeals the judgment was in all things affirmed.

The plaintiffs asserted title as the heirs of one John Jamison, to whom they claimed that the certificate and patent were issued. The defendants asserted title to two-thirds of the land, under a sale by the administrator of the estate of one Maria Jamison, deceased. Their claim was that the John Jamison to whom the land was granted was the grandfather of the John Jamison under whom the plaintiffs assert title, and that Maria was his daughter.

During the course of the trial H. H. Dooley, one of the defendants, was permitted to testify: "I was intimately acquainted with Maria Jamison, Allen Jamison, J. Nelson Jamison, commonly called Nelson, and Baker Jamison and John T. Fowler. They all lived together. Baker Jamison was about seven years older than I was, and I often visited their house. Baker and I were in the same fire company. Nelson and I were in the war together; he died during the war in Houston. Allen died about the close of the war. Baker Jamison died a short time before Maria Jamison died. Maria Jamison died in 1867. Maria Jamison, Allen Jamison, and J. Nelson Jamison were brothers and sisters. Baker Jamison was the son of Maria Jamison, and John T. Fowler was her grandson. Maria Jamison was a widow when I first knew her and never married; neither Nelson nor Allen were ever married. Maria told me at her house, in the presence of J. Nelson Jamison, Allen Jamison and Baker Jamison, that Allen Jamison came from Kentucky to Texas in 1839, and that she with her son Baker and a daughter who married Fowler, and J. Nelson and her father John Jamison came to Texas in 1840 together. They first settled in Nacogdoches County, Texas, and afterwards lived in Sabine County, Texas. Maria told me that she and her husband had separated before coming to Texas, and that he had gone south and died in northern Louisiana. She said she had no brothers or sisters except Allen and Nelson Jamison, and that they were her brothers. She told me that her father, John Jamison, died in Sabine County, Texas, about a year before they moved to Houston, and that he was buried near Milam, in Sabine County, Texas, and that her daughter also died and was buried there. J. Nelson, Allen and Baker Jamison and J. F. Fowler also stated to him the same facts stated to him by Maria Jamison. Maria told me that her father John Jamison, Allen, J. Nelson and herself all got certificates for land. She said that she received the John Jamison certificate from her father and that she employed a Mr. Mitchell to locate it, agreeing to give him a one-third of the land to locate it; that after the land was located she paid Mitchell in money for locating it, instead of giving him one-third of the land, and Mitchell turned the patent over to her."

The plaintiffs excepted to the testimony as to the declarations testified to by Dooley and took two bills of exceptions: one as to the declar-

ations of Maria Jamison, Allen Jamison and J. Nelson Jamison, and another as to the declarations of Baker Jamison and Fowler. The bills, however, merely showed that the evidence was objected to and the grounds of objection, and that the objections were overruled by the court. They did not show that the evidence was admitted. The Court of Civil Appeals ruled that because it did not appear by the bills of exception the testimony objected to was in fact introduced, the bills could not be considered. If the testimony did not appear in the statement of facts, we are inclined to think the ruling would have been correct. But since the statement of facts shows clearly that the very evidence objected to was introduced upon the trial, we are of opinion that the bill is sufficient to demand a consideration of the questions presented by it. The purpose of the statement of facts, which was unknown to the practice at common law, and which was introduced into our system by statute, is to make the evidence introduced upon the trial a part of the record in the case; and in a number of cases in this court it has been looked to and considered in connection with the bills of exception, and the bills have frequently been construed in the light of the evidence disclosed by the statement of facts. Heffron v. Pollard, 73 Texas, 96; Wiseman v. Baylor, 69 Texas, 63; Ramsey v. Hurley, 72 Texas, 237; McClelland v. Fallon, 74 Texas, 236.

We incline to think the declarations of Maria Jamison, Allen Jamison and J. Nelson Jamison should have been excluded. The declarations were self-serving as to them. If their declarations were true they had an interest in the land. But it appears that Baker Jamison and Fowler had no such interest. It was shown that Baker Jamison died before his mother, Maria. It does not appear when the declarations of Fowler were made,—if after the death of his grandmother, Maria Jamison, it was not proved. According to Dooley's testimony the statements made by the two last named witnesses were the same as those made by the three former. Therefore we think that under the evidence in this case the plaintiffs were not prejudiced by the admission of so much of the testimony as ought to have been excluded. The case having been tried by the judge without a jury, we see no good reason to doubt that his finding upon the facts would have been the same had the statements of the interested declarants been excluded.

The declarations of Baker Jamison and of Fowler in reference to the certificate should have been excluded upon proper objection. But their declarations were objected to as a whole, and the rule in such cases is that if a part be admissible, the objection should be overruled.

The testimony that was properly admitted is amply sufficient to sustain the court's findings of fact.

The other assignments of error in the Court of Civil Appeals were correctly disposed of by that court.

For the reasons given we think the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*