SOUTHERN KANSAS RAILWAY COMPANY OF TEXAS v. JOHN MCSWAIN.

Decided April 17, 1909.

**1.—Evidence—Mental Anguish.**

Testimony of a plaintiff that he feared blood poison would set in and prove fatal as a result of personal injuries, is competent in proof of mental anguish.

**2.—Same—Application for Employment—Relevant Evidence.**

The fact that the form of an application for employment bore the heading or name of a different railroad company from the one in whose employment the plaintiff was when injured, would not render said application inadmissible in evidence when it was shown by the testimony that said application was the one upon which plaintiff obtained employment with defendant company.

**3.—Same—Rules for Employees—Declarations of Applicant for Employment.**

In an action by an employee against a railroad company for damages for personal injuries caused by the moving of an engine while plaintiff was cleaning the same, and wherein plaintiff had pleaded inexperience on his part, negligence on the part of the defendant in moving said engine at that time, and in a failure to provide rules for his protection, an application by plaintiff to defendant for employment, together with declarations of the plaintiff therein contained as to his familiarity with the rules of the defendant and the duties of the services, considered, and held, under the circumstances of this case, not subject to the objections; (1), that said application was for a different employment from that in which plaintiff was engaged when injured, and it was therefore irrelevant; (2), that it was an attempt on the part of the defendant railroad company to avoid their own negligent act by making the applicant assume risks that the law did not impose; and. (3), that the application was not made to the defendant company, but to a different railroad company.

**4.—Practice—Objection to Evidence.**

When an ojection is good in part and not good in part and the objection is to the evidence as a whole, the objection is properly overruled.

**5.—Evidence—Duty of Employee—Conclusion of Witness.**

Testimony that it was the duty of the plaintiff before undertaking a certain task to take certain precautions for his own safety, was subject to the objection that it was a conclusion of the witness.

ON REHEARING.

**6.—Pleading—Specific Allegation of Negligence.**

When the specific charge of negligence against a railroad company was that it failed to adopt rules and regulations to prevent engines under and upon which employees were engaged in work, from being run into by other engines or cars, without restriction as to any particular place or station, evidence that said company did have such rules and regulations for its entire system of roads was admissible although it appeared from other evidence that the said rules and regulations were not enforced at the particular station where plaintiff was injured.

Appeal from the District Court of Gray County. Tried below before Hon. H. G. Hendricks.

*Terry, Cavin & Mills, Madden & Trulove* and *Hoover & Taylor,* for appellant.—The statute which requires the citation to state the nature of the plaintiff's demand is mandatory, and a citation upon a suit for negligence, which fails to state the nature of the negligent acts upon which the plaintiff will rely for a recovery and which are

stated in his petition, does not meet the requirements of the statute, is calculated to mislead the defendant, and should be quashed upon proper motion. Sayles' Statutes, article 1214; Ford v. Baker, 33 S. W., 1036.

It was error to permit the plaintiff to testify that he suffered mental anguish for fear that blood poison would result from his injury and prove fatal. Such testimony was in aggravation of damages and was not the natural and proximate consequence of the injuries sustained. 4 Eliott on Railroads, 2d ed. par. 1816 and cases cited. The plaintiff having charged in his petition that he was inexperienced and unaware of the hazards and dangers incident to the business, and having applied for and accepted employment, his written statement to the effect that he understood that the company desired to employ only experienced men, and that he was aware of the hazards and dangers of the business, and that he would rely upon his company's employes for information, were competent admissions against him as tending to disprove his case. Overstreet v. Manning, 67 Texas 664; Wells v. Fairbanks, 5 Texas, 584; Warren v. Frederichs, 83 Texas, 383; Keesey v. Old, 82 Texas, 25; Edwards v. Osman, 84 Texas, 659. It was proper for the witness Browning to testify as to the duty of the defendant for his own protection before going under the engine; he having shown himself qualified to testify upon that point. McCray v. G. H. & S. A. R. R. Co., 34 S. W., 98; 2 Eliott on Evidence, par. 1108; 4 Eliott on Railroads, second ed., par. 901.

*Cooper & Stanford,* for appellee.—The court was correct in overruling appellant's motion to quash citation, because said citation did comply with the requirements of the statute. Sayles' Statutes, article 1214; Houston & T. C. Ry. Co. v. Burke, 55 Texas 323; Pipkin v. Kaufman, 62 Texas 545; Hunt v. Wyley, 1 App. C. C., sec. 1214; Houston, E. & W. T. Ry. Co. v. Irving, 2 App. C. C., section 123.

There was no error in the action of the court in permitting appellee to testify that he suffered mental anguish for fear blood poison would set up and prove fatal. Missouri, K. & T. Railway Company v. Miller, 61 S. W., 978.

CONNER, CHIEF JUSTICE.—Appellee recovered a judgment for six thousand dollars for personal injuries received by him while engaged as one of appellant's employees in the regular discharge of his duties as engine watcher at Pampa, in Gray County. Appellee alleged, and there was evidence tending to show, that on the 19th day of July, 1907, at about two-thirty o'clock A. M. one of appellant's engines at Pampa was by its operative run into the Pampa yards and placed upon what is designated in the evidence as the "passing track," in close proximity to one or more box cars, and was turned over to appellee to be cared for and attended to; that in the regular discharge of his duties appellee took charge of said engine and began cleaning the same; that in order to clean out the ash pan he went underneath the engine and just as he was ready to begin taking the ashes out of the pan the crew in charge of another engine ran a box car with

great force and violence against the engine under which appellee was working, in consequence of which his right foot was mangled and amputation thereafter necessitated. Appellee, among other grounds of negligence not necessary to here notice, alleged that defendant had failed to adopt proper rules and regulations for the protection of employees working as engine watchers, which fact was the proximate cause of his injuries.

The defendant answered by demurrers, the general denial and special pleas of assumed risk and contributory negligence.

We find no error in the court's action in overruling appellant's motion to quash the citation, nor in permitting plaintiff to testify that he suffered mental anguish by reason, among other things, of "the fear that blood poison might set up and prove fatal." See Missouri, K. & T. Ry. Co. of Texas v. Miller, 25 Texas Civ. App. 461.

The third assignment of error, however, we think must be sustained. In this assignment complaint is made of the court's action in refusing to permit appellant to introduce in evidence the following paragraphs of the plaintiff's application for employment dated on the 16th day of May, 1906, as follows:

"33: Do you understand that every employe of this Company whose duties are in any way prescribed by the rules must always have a copy of the rules at hand when on duty and must be conversant with every rule and that you must render all the assistance in your power in carrying them out, and immediately report any infringement of them to the head of your department, and do you agree that such rules, including any changes therein or additions thereto from time to time shall be a part of your contract of employment? Yes."

"37: Do you understand that all employes are expected to protect themselves from personal injury by avoiding risks, and that those who may receive injuries on account of taking risks will have no claim upon the company? Yes."

"41: Do you understand that no officer or employe of this company is authorized to request or require you to use defective tracks, cars, machinery or appliances of any kind, except at your own risk of injury therefrom? Yes."

"42: Do you understand that this company desires to employ only experienced men in its service, and does not undertake to educate inexperienced men; and do you state that you are aware of the hazards and dangers of the business, and agree to rely upon your co-employees, and not upon the company, for information as to any or all things, including the character of any kind of machinery and appliances which would render your work dangerous or subject you to injury, or which may be necessary to the proper performance of your duty; and do you waive any responsibility whatsoever on the part of the company or its officers touching the matters herein referred to, and that this shall apply to any position to which you may now or hereafter be assigned? Yes."

To the introduction of these rules appellee objected, first, on the ground substantially that the application was for a different position —that of an engine wiper at Amarillo—from that involved, an engine

watcher at Pampa—and that hence the testimony was immaterial and irrelevant; second, that it was an attempt on the part of the railroad company to avoid their own negligent act in making the applicant assume a risk that the law does not put upon him; and third, that the application is made to the Pecos Valley & N. T. Ry. Co., whereas at the time of the injury the plaintiff was in the service of appellant.

Nothing in the facts shows that the application would not apply in favor of appellant as well as the Pecos Valley & N. T. Ry. Co., save possibly that the heading of the application shows the name "Santa Fe," and in the body in one place appears the name "Pecos Valley N. T. Ry. Co." Appellant insists that we are required to take judicial notice of the fact that all of the railway companies named are parts of a single system; but whether so or not, the evidence plainly indicates that the application under consideration was the one under which appellee was working at the time he was injured. He did not in his testimony undertake to testify otherwise. On the contrary he testified: "On or about the 16th day of May last (the date of the application) I was employed to work for the Southern Kansas Railway Company of Texas. I was employed at the P. V. shops at Amarillo." He then gives the name of the person by whom he was employed, and testified that the successor in position of the person so named later directed him to go to Pampa for the employment he was engaged in at the time of the injury complained of. He says: "I worked for the railroad at Amarillo, I think it was a month and four days—a month and three and a half or four days—something like that. Then I came to Pampa, Texas; then Mr. Cramer sent me to Pampa. He is the roundhouse foreman at Amarillo. While I worked at Amarillo, I worked under, all but the first few days, the man that I made out my application with, John Sartori—he was foreman at first. I understand that he was in Mr. Cramer's place; I don't know that. After I worked there about a month and four days I was transferred to Pampa. I worked as engine watchman at Pampa. Mr. Cramer sent me to Pampa to work. . . . My duties were to watch engines at night. Mr. Cramer directed me to watch engines there at Pampa at night. Mr. Cramer didn't give me any instructions, only just told me to go down and watch engines."

Another witness, J. B. Browning, among other things, in testifying about the book of rules he was identifying, said that: "The outside says that is a Santa Fe book. I suppose that includes all the branches, —the A. T. & S. F., the G. C. & S. F., P. V., and Southern Kansas. I suppose it includes the whole system." So that, if the question of whether the application had been made for employment under the P. V. & N. T. or the appellant was material, the issue under the evidence should at least have been submitted to the jury.

This last observation would seem also to apply to the question of whether or not there was any material difference in the duties of an "engine wiper" and an "engine watcher." In reading the evidence, which for the sake of brevity we will not set out, it would seem that the duties in many respects are very similar. At all events, appellee testified that while at Amarillo for some three weeks he "was working

at and around engines," and that "during those three weeks I learned enough to go off and undertake to be an engine wiper. I learned enough in that time so that I thought I could take the job of engine wiper and perform the duties of that job. I learned what an engine wiper had to do around there in the roundhouse."

Was, then, the rejected testimony immaterial? We think not. Appellee had pleaded inexperience, negligence on appellant's part for making the collision, and in a failure to provide rules for his protection. Defendant had answered by denying the negligence charged and pleading the contributory negligence of appellee. Furthermore, appellant introduced among others the following rules in use on its system —Rule No. 26, that: "A blue flag by day and a blue light by night displayed at one end or both ends of an engine, car or train, indicates that workmen are under or about it; when thus protected it must not be coupled to or moved. Workmen will display the blue signals, and the same workmen are alone authorized to remove them. Other cars must not be placed on the same track, so as to intercept the view of the blue signals; without first notifying the workmen." Rule No. 317, that, "All car inspectors, conductors, brakemen or other employes, who are working under or about any car or train in yards upon switch or main track, or at any other place, must, for their own protection, place thereon a blue flag by day and a blue light by night as a warning to advise other employes that work is being done upon said car or train."

There is evidence tending to show that appellee went under the engine that injured him, while the other train was switching in the yards, without displaying the lights required by the rules quoted, and that the operative of the train which moved the engine under which appellee was working did so without knowledge of his presence under the engine, but without having sent a man for personal examination.

In the light of all this testimony it seems to us that the rejected rules were relevant to the issue of appellant's negligence in backing into the engine under which appellee was working, and upon the issue of appellee's contributory negligence in going thereunder at the time he did, and under the circumstances that he did. The rejected rules required the employee to have a copy of the rules at hand and required him to be conversant with every rule and to do all in his power to carry them out. They were in the nature of a declaration on appellee's part that he understood the 'hazards and dangers of the business, and that the application should apply to any position to which he might thereafter be assigned. We know of no reason why an employee may not lawfully so declare and so agree. It may be that one or more of the rules offered is subject, as appellee insists, to the objection that it is in the nature of a contract to relieve appellant of the risks arising from its own negligence. But clearly all are not so, and the objections were urged to the rules as a whole. In such case, the practice is to overrule the objection. See Jamison v. Dooley, 98 Texas, 206.

Numerous other assignments of error are presented, but we find nothing requiring extended discussion. The testimony of the witness

Browning to the effect that it was the duty of the plaintiff before going under the engine at the time of his injury to warn the train crew of the fact, or to have put out lights to indicate that he was under the engine, was subject to the objection urged, that it was a conclusion for the jury's determination and not that of the witness. See Lipscomb v. H. & T. C. Ry. Co., 95 Texas, 5; Grand Rapids & I. R. Co. v. Ellison, 20 N. E. 135; Allen v. Burlington, Cedar Rapids & Northern R. Co., 11 N. W. 614.

In the charges given and in the action of the court in refusing special instructions, we find no reversible error; but for the error of the court complained of in the third assignment and above discussed, the judgment must be reversed and the cause remanded.

### ON MOTION FOR REHEARING.

It is urged that the evidence excluded by the court and because of which the judgment was reversed, is immaterial, among other things not noticed in our original conclusions, in that it is undisputed in the evidence that "appellant had no rules or regulations in its yards at Pampa for the protection of engine watchers." It seems to be conceded in the motion for rehearing that the appellant railway company is one of the branches of the Santa Fe System and the testimony of the witness Browning, part of which we quoted in our original opinion, at least tends to show that the book of rules identified by him, from which also we quoted, applies to Pampa as well as to other stations of the system. In speaking of the rules he testified, in addition to what we before quoted: "This rule that I have referred to, the using of blue flags in the day time and a blue light at night to protect a train under which an employee may be at work, is in force at Amarillo on the rip track—that is, where carmen are working. This rule applies all along the line; all car inspectors, conductors, brakemen or other employees who are working under or about any car or train in yards, upon switch or main track, or at any other place, must, for their own protection, place thereon a blue flag by day and a blue light by night as a warning to advise other employees that work is being done upon said car or train." It is true that this witness further testified that "I never saw any blue lights at Pampa," and that appellee testified without contradiction that "nothing was done by Mr. Cramer or the operator or the station agent or anyone else, with reference to furnishing me flags, signals, lanterns or anything else; they did not furnish me any signals such as flags, lanterns, or any other means of protecting the engine under which I was employed to work. The company did not, through any of its agents, give me any information whatever with reference to any rules by which I should do my work, or by which I should protect myself against being run into by any other engine or cars." But the failure to furnish appellee with flags, lanterns, or other signals with which to protect himself, or to enforce rules requiring the use of such signals, was not made by appellee a ground of negligence in his petition. The ground of negligence in this respect appellee saw proper to allege was that appellant had failed

to "adopt rules and regulations to prevent engines under which or upon which employees were engaged in work, from being run into by other engines and cars," etc., without restriction as to station. We think it apparent that it is one thing to fail to "adopt" reasonable rules for the protection of employees, and quite another to be negligent in their non-enforcement, or in failing to furnish the signals required by the rules. We therefore adhere to the conclusion that the rejected evidence was revelant to issues as made by both pleading and testimony and that the court should have admitted such rejected testimony.

The motion for rehearing is accordingly overruled.

*Reversed and remanded.*