**TEXAS EMPLOYERS' INS. ASS'N v. NEATHERLIN. ***

No. 723.

Court of Civil Appeals of Texas. Eastland.
Sept. 19, 1930.

Rehearing Denied Oct. 10, 1930.

*Writ of error granted.

Harry P. Lawther, Shelby S. Cox, and Frank F. Taylor, all of Dallas, for appellant.

Smith & Smith, of Anson, for appellee.

FUNDERBURK, J.

J. A. Neatherlin, an employee of Texas Cement Plaster Company, suffered an injury resulting in hernia. After proper notice and claim, the Industrial Accident Board refused to award compensation on the ground that the condition of which he complained was one of long standing. Within due time he filed suit in the district court of Fisher county to set aside the award and recover compensation. Upon the trial of the case he was awarded the sum of $4,736.23, less 6 per cent. discount, as for a total permanent incapacity. Texas Employers' Insurance Association, the insurance carrier, has appealed.

The first three points presented for determination relate to the same matter. It is insisted first that the court was without jurisdiction to render judgment for appellee because there was no competent proof or testimony that he had given notice to the Industrial Accident Board, within the time prescribed by law, of his unwillingness to abide the decision of the board. It is next contended that the court, for the same reason, erred in refusing to instruct a verdict for appellant, and then, further, that the court erred in admitting in evidence, over the objection of appellant, a certain certificate of a member of the Industrial Accident Board, as follows:

"The State of Texas
"Industrial Accident Board
"Austin

"I, Espa Stanford, member of the Industrial Accident Board, in and for the State of Texas, do hereby certify that the attached and foregoing are full, true and correct copies of certain instruments of an evidentiary nature, which now appears of record in the Board's file in the cause numbered and styled

"No. O–17033 J. A. Neatherlin, Employee, vs. Texas Cement Plaster Co., Employer

"And I further certify that said instruments were received and filed in this office on the dates shown by the 'receiving stamp' appearing on the face thereof. In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of the Industrial Accident Board at its offices in the capitol in the City of Austin, Texas, on this 8th day of October, A. D. 1929.

"Espa Stanford,
"[Seal]                    Member."

The instruments referred to in the certificate were: (1) Appellee's notice of injury; (2) claim for compensation; (3) additional claim for compensation; (4) order of the Industrial Accident Board; (5) appeal from order of said board. The statement of facts discloses that each of said instruments were first separately introduced in evidence and afterwards said certificate was offered and admitted in evidence. The notice of appellee to the board of his intention not to abide its decision, as it appears in the statement of facts, is preceded by the following:

"Mr. Smith (Attorney for Appellee): Then we offer in evidence the appeal from the final order and ruling of the Board, which was received by the Board on September 23rd, 1929."

Upon this instrument, as it appears in the statement of facts, is the following notation:

"(Industrial Accident Board
Received September 23rd, 1929.
State of Texas.)"

No objection appears to have been made to said notice of appeal nor to the notation thereon when offered in evidence, but, after all of said instruments were admitted in evi-

dence and the general certificate of Mrs. Espa Stanford was offered, appellant objected to the certificate "because the statements in said certificate are hearsay and not the best evidence." Upon said record of proceedings it is contended that the following portion of said certificate was· subject to the objection that it was hearsay, namely: "And I further certify that said instruments were received and filed in this office on the dates shown by the 'receiving stamp' appearing on the face thereof." The argument is that it was no part of the official duty of a member of the Industrial Accident Board to certify as to the time that instruments were received in the office, and therefore the fact that they were received at a certain time could not be proved by a certificate, which, it is insisted, was the only evidence offered to show the time of such receipt.

If the law in this regard be as contended by appellant, more than one reason occurs to us why we cannot hold that the court erred. In the first place, copies of the instruments having been offered without objection, it was not necessary that the certificate be introduced in evidence. The simple fact that there appeared upon the notice of appeal the notation in question is some evidence, we think, of probative force showing the time of receipt. This much was held in Lumbermen's Reciprocal Ass'n v. Henderson (Tex. Com. App.) 15 S.W.(2d) 565.

We are not prepared to hold that the notation in question was not properly authenticated by the certificate. R. S. 1925, art. 8307, § 5, as amended by the Fortieth Legislature, Acts 1927, c. 223, p. 328 (Vernon's Ann. Civ. St. Art. 8307, § 5), provides that the party desiring to appeal should "file with said board notice that he will not abide by said ⁙ * * decision." The notation, we think, amounts to exactly the same thing as the usual file mark, because it means the same thing.

There is still another reason why appellant's assignments in this regard cannot be sustained. It will be noticed that the objection was to the entire certificate. It is not contended that a part of the certificate was not properly admissible. A portion of same was clearly admissible. Hence the general rule is applicable that when objection is made to the introduction of evidence, some of which is admissible and some not, there is no error in admitting same when the objecting party does not specify the objectionable portion. Bobbitt v. Bobbitt (Tex. Civ. App.) 223 S. W. 478; Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894; Jamison v. Dooley, 98 Tex. 206, 82 S. W. 780; Lester v. Hutson (Tex. Civ. App.) 167 S. W. 321; Texas Cent. Ry. Co. v. Claybrook (Tex. Civ. App.) 178 S. W. 580; Texas Elec. Ser. Co. v. Wells (Tex. Civ. App.) 8 S.W.(2d) 705; Stubbs v. Marshall, 54 Tex. Civ. App. 526, 117 S. W. 1030.

All other propositions asserted by appellant are in principle, we believe, controlled by our conclusions relative to the proper construction of section 12b, art. 8306, R. S. 1925, stated in Texas Employers' Insurance Association v. Henson, 31 S.W.(2d) 669. We construe that statute as merely prescribing certain alternative conditions under which compensation for a hernia is to be specially limited. Had the Industrial Accident Board reached the conclusion that a compensable hernia existed, it was the duty of the board to determine if it could be cured by an operation, and if so to make the appropriate orders. But the board determined there was no liability. Appellee took the necessary steps to prevent himself from being bound by that decision. Jurisdiction of the whole matter was transferred to the district court. It is perhaps true, although it is unnecessary for us here to determine the point, that the district court had authority to determine whether an operation would likely correct the trouble, and if so, as a preliminary proceeding to order the operation. But certainly appellee was under no duty to take the initiative in the matter and at his own cost and risk submit himself to an operation. It logically follows that he was under no obligation to produce evidence to show that it would have been more than ordinarily unsafe to have submitted to an operation.

Being of opinion that no reversible error is shown, and that the judgment of the trial court should be affirmed, it is accordingly so ordered.