**FIRST STATE BANK & TRUST CO. et al. v.
FIRST BANK OF TRUSCOTT.**

No. 731.

Court of Civil Appeals of Texas. Eastland.

Oct. 10, 1930.

Rehearing Denied Nov. 21, 1930.

Jas. A. Stephens, of Benjamin, and Ratliff & Ratliff, of Haskell, for appellants.

D. J. Brookreson, of Benjamin, for appellee.

HICKMAN, C. J.

The appeal is by the First National Bank of Benjamin and the First State Bank & Trust Company of Benjamin, from a judgment against each of them in favor of appellee, First Bank of Truscott. The petition upon which the judgment was rendered alleged, in substance, that one Oran Driver consummated the sale of some cattle, receiving as the purchase price for same the sum of $13,137.50. That, just after such sale was consummated, C. H. Burnett, president of the First National Bank of Benjamin, approached Driver and made inquiry with reference to what had been done with the receipts of the sale. That Driver informed him that he had the money and was going to pay same to First Bank of Truscott in discharge or partial discharge of a mortgage owned by said last-named bank against the cattle. That Burnett had knowledge of the fact that Driver was indebted to said First Bank of Truscott in a large sum, and that such indebtedness was secured by a mortgage against said cattle, and that, upon being reminded of this fact, he (Burnett) stated to Driver that, if he would deposit this money in the First National Bank of Benjamin, he would make same a special deposit, and that no one else could touch it except First Bank of Truscott. That Driver agreed to this arrangement and deposited said funds with said First National Bank of Benjamin as a special deposit and was given a deposit slip for same, reading "Oran Driver Special A/C, $13,137.50." Prior to the time this deposit was made, Oran Driver had agreed with appellee, First Bank of Truscott, to pay to it

the proceeds derived from the sale of said mortgaged cattle. That about three days after the special deposit was made, Driver executed to appellee First Bank of Truscott a draft for $13,000, signing said draft "Oran Driver, Special," which draft was immediately presented to the drawee for payment, but payment was refused. The allegation was made that, by virtue of the drawing of the draft and the delivery of same to appellee against said special fund, the appellee became the owner thereof, and such draft, under the facts, constituted an assignment of $13,000, for the payment of which appellant First National Bank of Benjamin became liable to appellee.

For cause of action against the other appellant, First State Bank & Trust Company of Benjamin, it was alleged: "That afterwards, on or about the 10th day of June, A. D., 1929, the defendant, First National Bank of Benjamin, sold, transferred and assigned unto the defendant, First State Bank & Trust Company of Benjamin, Texas, all of its assets of every kind, including its banking house, furniture and fixtures, and the said fund so converted by it, and surrendered unto it all of its banking business, privileges, and franchises, and ceased to operate and function as a bank, and the said First State Bank and Trust Company of Benjamin, Texas, accepted all of its said assets, banking house, furniture, fixtures and banking facilities, and begun and has from and since said time operated the said bank and banking business, at the same place, formerly conducted by said First National Bank of Benjamin, and assumed and become liable for all of its debts and obligations, including its liability to the plaintiff for said special fund so assigned to it by said Oran Driver, and converted by said First National Bank of Benjamin, Texas."

Trial was before the court without a jury. The material allegations of the petition were supported by competent evidence. The facts disclose that, of the $13,137.50 deposited with appellant First National Bank, all but $5,-801.61 was paid by said appellant bank to Oklahoma Cattle Loan Company, and appellee received the benefit thereof. Judgment was therefore rendered for the sum of $5,-801.61. Appellee does not complain of the judgment. Both of the defendant banks have appealed. The record does not contain findings of fact or conclusions of law. Separate briefs are filed by appellants, but the questions presented are in the main the same.

■ The assignments complaining of the action of the trial court in overruling the various special exceptions to appellee's petition are deemed without merit. The petition sets out with sufficient detail all allegations essential to state a cause of action, and its alleged failure to detail collateral facts does not render it demurrable.

■ The assignments complaining of the action of the trial court in admitting certain evidence over appellant's objections are overruled. One of the bills of exceptions preserving an objection is not in accord with the statement of facts, and it is the rule that, where there is conflict between a bill of exceptions and the statement of facts, the latter must control. Alsabrook v. Bishop (Tex. Civ. App.) 295 S. W. 646, and authorities there cited; 3 Tex. Jur. p. 794, § 564, and authorities there cited.

■ Another bill complains of the entire testimony of a witness, consisting of several pages. Most of this testimony was admissible, and, since the objection went to the whole thereof, no error is shown. Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894; Bobbitt v. Bobbitt (Tex. Civ. App.) 223 S. W. 478; Jamison v. Dooley, 98 Tex. 206, 82 S. W. 780; Tex. Elec. Ser. Co. v. Wells (Tex. Civ. App.) 8 S.W.(2d) 705; Hemler v. Hucony Gas Co. (Tex. Civ. App.) 18 S.W.(2d) 942; Texas Employers' Ins. Ass'n v. Neatherlin (Tex. Civ. App.) 31 S.W.(2d) 673.

■ The assignments complaining of the action of the trial court in overruling an application for continuance are not properly supported by the record. We find neither an application for continuance nor an order overruling such an application in the record. These assignments therefore present no question for determination.

The controlling questions of law presented by the assignments are whether, under all the facts and circumstances introduced in evidence, there was any evidence that the deposit of $13,137.50 was a special deposit, and the kindred questions of whether the bank in which same was deposited had the right to credit the deposit upon past-due indebtedness of the depositor, and whether appellee had a right to maintain this suit without joining Driver as a party defendant. No assignment challenges the sufficiency of the evidence to support the conclusion that this money was deposited for a specific purpose, but the claim is that the undisputed evidence showed that same was a general deposit. We have carefully read and reread the statement of facts in an effort to determine this question. There were so many facts introduced in evidence irrelevant to the issue that it has been somewhat difficult to sift out the evidence bearing upon the particular question of the nature of this deposit. While the evidence is not wholly satisfactory, we have concluded that we would not at all be warranted in sustaining the assignment complaining that there was no evidence on the question. We therefore overrule the contention that there was no evidence of an agreement between Oran Driver and the president of the First National Bank, dedicating the deposit to a specific purpose.

496

Article 5940, § 127, R. S. 1925, provides: "A bill of itself does not operate as an assignment of the funds in the hands of the drawee available for the payment thereof, and the drawee is not liable on the bill unless and until he accepts the same."

■ It has been correctly held that this provision of the statute does not render it incompetent for parties to create an assignment by agreement. The bill as such does not have that effect, but the right of contract is not limited by the statutory provision. Hatley v. West Texas National Bank (Tex. Com. App.) 284 S. W. 540.

■ The fund having been dedicated to a specific purpose, the First National Bank had no right to apply same upon the unpaid indebtedness of Driver. Cotulla State Bank v. Herron (Tex. Civ. App.) 191 S. W. 154; Hatley v. West Texas National Bank, supra; First National Bank v. Price (Tex. Civ. App.) 262 S. W. 797; Harris County v. Campbell, 68 Tex. 22, 3 S. W. 243, 2 Am. St. Rep. 467; 7 C. J. 660.

In Northern Sugar Corporation v. Thompson (C. C. A.) 13 F.(2d) 829, 832, this statement of the rule is deduced: "Where the depositor, at the time a deposit is made, enters into an understanding and agreement with the bank that the money deposited is for a specific purpose, and for that alone, as funds deposited to pay a particular note, draft, or check, such deposit partakes of the nature of a special deposit, the relation between the depositor and the bank is that of principal and agent, and the title to the deposit remains in the depositor."

■ Driver was not a necessary party to the suit as brought. True, there was no privity of contract between the appellee and the appellant, but the suit was not predicated upon a contract, but upon the assignment. Hatley v. West Texas National Bank, supra.

■ Judgment was properly rendered against the appellant First State Bank & Trust Company, successor of First National Bank. The contract of sale between the First National Bank and the First State Bank & Trust Company, its successor, contained this provision:

"The party of the first part has this day conveyed, transferred, assigned and delivered unto the party of the second part, all of its assets, including both real estate and personal property and of the value of $645,577.87, as shown by its books.

"For and in consideration of such assets so transferred unto it, the said party of the second part hereby assumes, agrees and obligates itself to pay all of the outstanding liabilities of the said party of the first part unto its respective creditors, save and except only such liabilities as it may owe to its stockholders as such, such liabilities being shown on the books of the said First National Bank of Benjamin, Texas, to be $592,040.63."

It was not essential to the liability of the purchasing bank that this particular item of indebtedness should have been listed or shown on the books. 7 C. J. 850.

There is no error pointed out calling for a reversal of the judgment of the trial court, and the same is therefore in all things affirmed.