No. 5881.

W. R. WISEMAN v. MARY A. BAYLOR ET AL.

1. PAROL TRUSTS.—A creditor having a deed of trust upon property to secure his debt, instead of foreclosing the trust deed, accepted from his debtor a deed, absolute upon its face, under a parol contract, whereby the creditor agreed that in consideration of the execution of a deed abso-

lute on its face, he would hold the legal title until such time as the land would bring its highest market value, when he would sell the same, and pay to the vendor what might remain after liquidating the debt, with interest and taxes, *held:* The contract could be enforced after a sale of the land and the vendee compelled to pay over after satisfying the original debt, whatever might rema'n of the proceeds of the sale.

2. PRACTICE—STATEMENT OF FACTS.—The Supreme Court can not impeach the truth of a statement of facts agreed on by counsel, and signed by the trial judge. If any portion of it fails to agree with a bill of exceptions which refers thereto, there is no means whereby the Supreme Court can tell which is correct, or whether error was committed in the matter to which the exception refers.

APPEAL from Wilson. Tried below before the Hon. George McCormick.

*W. E. Goodrich*, for appellant, cited Ruffier v. Womack, 30 Texas, 332; Calhoun v. Lumpkin, 60 Texas, 185; Hardie v. Campbell, 63 Texas, 293; Loving v. Milliken, 59 Texas, 423; Clark v. Haney, 62 Texas, 511; 2 Storey's Equity, sections 787 and 787 *a*; Dorsey v. Packmood, 12 Howard (U. S.), 126.

*L. S. Lawhon* and *L. H. Browne*, for appellee, cited DeWitt v. Miller, 9 Texas, 239; 1 Greenleaf, section 108; McClenny v. Floyd, 10 Texas, 159; Cuney v. Dupree, 21 Texas, 211; Grooms v. Rust, 27 Texas, 231; Chilson v. Reeves, 29 Texas, 275; Gibbs v. Penny, 43 Texas, 560, and Clark v. Haney, 5 Texas Law Review, 76.

WILLIE, CHIEF JUSTICE. The appellee W. R. Baylor was indebted to Wiseman upon a note for three hundred dollars, secured by a deed of trust executed by Baylor and his wife, upon six lots of ground in the city of San Antonio, which were the separate property of Mrs. Baylor. On February 20, 1880, Baylor and wife conveyed this property to Wiseman by a deed absolute on its face; and about the twenty-fourth of January, 1884, the latter sold it for two thousand eight hundred dollars in cash. This suit was brought by Baylor and wife to recover of Wiseman said sum of money, less the amount of principal and interest due upon the note and eighty dollars taxes, admitted to have been paid by Wiseman upon the land. The petition charges that, although the deed appeared absolute upon its face, it was intended and understood between the parties thereto to be a deed in trust for the purpose of securing the debt due from W. R. Baylor to the appellant; that the lots were worth much more than the debt,

and the property fast increasing in value, and that they informed appellant that they did not wish to sell or have them sold at that time. It was further alleged that the appellant promised that if the appellees would vest the legal title in him, he would hold the said lots until, in his opinion, they had reached their highest market value, when he would sell them, and, after deducting his debt and interest and such taxes as he should have paid on the land, would pay the balance of the proceeds of the sale over to the appellees. Confiding in this promise, they made the deed, but, in violation of their trust and confidence in him, the appellant refused to pay over any portion of such proceeds. The defendant below demurred to the petition, denied its allegations, averred that before the date of the deed the payment of the note had been secured by a deed of trust upon the lots; that the plaintiffs had constantly defaulted in payment of interest, and, being unable to pay either principal or interest, had proposed to convey the land in payment of the debt, which offer he accepted, and the deed was made as an absolute conveyance, without any trusts or promises as to a sale of the land and a payment of any part of the proceeds to the appellees. Appellant also alleged that at the date of the sale the lots were worth no more than he paid for them. The court below overruled the appellant's demurrer, and the result of the trial was a verdict and judgment for appellees for two thousand and thirty-four dollars and eighty-eight cents, from which judgment this appeal is prosecuted.

There was a conflict of evidence as to what transpired at and before the execution of the deed, the appellants and their daughter as witnesses sustaining the allegations of the petition in that respect, and the defendant testifying to the truth of his answer. There was also a conflict as to the value of the lots at the date of the deed, the evidence varying from fifty to two hundred dollars each. The charge of the court was to the effect that if the appellees were induced to make the deed by promises given by the appellant at the time, such as were set out in the petition, the jury would find for the appellees the amount of the proceeds of the sale, less the principal and interest of the note and the taxes paid by Wiseman upon the land. If there was no such agreement, the jury should find for the appellant.

Appellant's counsel asked charges containing this proposition: That unless the relation of debtor and creditor existed between the parties to the deed after its execution, the jury

should find for the defendant. This is also the proposition upon which the general demurrer to the petition is sought to be sustained, the appellant contending that this relation of debtor and creditor must continue to exist after the date of a deed in order to engraft a parol trust upon it, and give it the effect of a mortgage. Without pausing to controvert this proposition, it is sufficient for the purposes of this case to say that it might be true and yet the plaintiffs entitled to recover under the allegations of their petition, and their evidence in the case.

If the appellant made the promise set forth in the petition, and thereby obtained from the appellees an absolute deed to their property, he was bound by it, and it could be enforced against him. His obligation to pay the money according to promise was none the less binding, because that promise did not give the persons to whom it was made a parol trust in the land. Admit this to have been an absolute sale, the vendors reserving no interest or trust in the land which they could enforce in equity, this did not prevent them from recovering money from the vendee, which he had promised to pay them upon a sale of the land, the sale having already taken place. A contract can exist without a trust in the subject matter, and may be enforced though the liability of the promissor does not arise until he makes sale of the property belonging absolutely to himself. There was a sufficient consideration for the promise of the appellant. Previous to the execution of the deed he held nothing more than a deed of trust upon the land, and it could not be sold except by the trustee, and at public sale after giving notice, thereby incumbering the property with expenses, and reducing the amount to be realized by the beneficiary. The conveyance directly to himself allowed him to sell without going through all these forms, and without expense.

The change in the character of the instrument necessarily resulted in benefit to the creditor. It is true that the petition alleged that the transaction made Wiseman a trustee for the benefit of the appellees, but it claimed relief upon the facts set forth whether they created the trust or not. In either event were they therefore entitled to recover. It certainly could not damage the case of the appellee, though they misnamed the transaction, so its legal effect was to entitle them to a recovery if its terms were not complied with by the appellant. It results that the demurrer was properly overruled and the charge of the court correct; and that the special charges were not such as

should have gone to the jury under the pleadings and evidence.

Interrogatories were propounded to the appellees, one of which asked if they had received any offer for the lot or any of them before they conveyed them to the defendant? What was the offer? By whom made? What lot it was, and how that lot compared in value with the others? The bill of exceptions shows that answers of Mrs. Baylor to the questions included hearsay testimony, but that the court admitted these answers in evidence. Upon an examination of the statement of facts, we find no answer whatever given by Mrs. Baylor to this question. As said in Trueheart v. McMichael, 48 Texas, 216, we can not impeach the truth of the statement of facts agreed upon by the parties and signed by the judge; and it not agreeing with the bill of exceptions, we can not tell which is true nor know whether the court erred or not. The statement of facts and bill of exceptions both show that W. K. Baylor gave a perfectly legal answer to the interrogatory. He said that he had received an offer for one of the lots through Mr. James, of San Antonio. This was not hearsay. It implied that James as agent for some one else, made an offer for the land, which was in direct response to the question, and not a statement of what James told him that somebody else had offered. The brief of appellant sets forth the answer of Mrs. Baylor by mistake for that of her husband. Her answer was illegal, but we have seen that it is not in the statement of facts. The assignment as to their answers is not well taken.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Opinion delivered November 8, 1887.