### Peter McClelland v. Fallon & Lehr.

#### No. 6308.

1.  **Bill of Exceptions—Practice.**—Where counsel do not agree upon a statement of facts and the statement is prepared by the judge, and it is inconsistent with a bill of exceptions touching matters excepted to, the bill of exceptions on appeal will be looked to; otherwise the court might deprive a party of a bill of exceptions properly taken and signed.

2.  **Admission of Immaterial Testimony.**—Where from the record it is manifest that irrelevant testimony admitted did not injure the party objecting to it, such error is not ground for reversal.

3.  **Testimony—Cause of Attachment.**—Where an attachment was sued out upon affidavit that the defendants were about to dispose of their property for the purpose of defrauding their creditors, it was competent to show that a change in the membership of the defendant firm had been contemplated and that the plaintiff had been communicated with in reference to the change; and the testimony was clearly admissible after the plaintiff had testified touching his information upon which the attachment was predicated that all he knew of the alleged fraudulent sale was from the defendants, they having written and telegraphed to plaintiff asking his consent to the change.

4.  **Immaterial Testimony.**—It is no ground for reversal that defendants in attachment had been allowed to testify to their occupation subsequent to the seizure, when the record shows the basis for recovery upon reconvention was the value of the goods seized in attachment.

5.  **Damages.**—See testimony held sufficient to sustain a verdict of $4400 damages for wrongfully seizing goods under attachment.

APPEAL from McLennan.   Tried below before Hon. Eugene Williams. The opinion states the case.

*Anderson & Flint*, for appellant.

*Herring & Kelley*, for appellees.

ACKER, PRESIDING JUDGE.—Appellees were doing business as merchants at Dublin in Erath County, and were indebted to appellant in the sum of about thirteen hundred dollars.   Appellant brought suit on his

claim and sued out an attachment upon the ground that appellees were about to dispose of their property with intent to defraud their creditors. The sheriff levied the writ upon and took possession of appellees' stock of merchandise of the value of $4400 or $4500.

Appellees answered by general denial and plea in reconvention, alleging that the attachment was sued out wrongfully, without probable cause, and with malice, and claimed five thousand actual and ten thousand exemplary damages.

The trial was by jury. Appellant's demand was admitted. The jury returned a verdict in favor of appellees for $4400, less the amount of appellant's demand, with interest from the levy at eight per cent, making $3801.77, for which the judgment from which this appeal is prosecuted was rendered.

The first assignment is: "On the trial defendants testified that they purchased goods of plaintiff, and both Fallon and Lehr were asked by their attorneys while on the stand as witnesses for themselves if plaintiff did not sell them unsalable goods, and such as they did not order, to which plaintiff objected on the ground that this evidence was irrelevant and calculated to prejudice the jury against plaintiff."

It appears from the bill of exception that the objection was overruled. While the assignment does not allege that this ruling was error we understand from the brief that it is contended that it was. It appears from the statement of facts made by the judge, counsel having failed to agree, that the testimony objected to was elicited by appellant on cross-examination of appellees. There is therefore an apparent conflict between the bill of exception and the statement of facts. If the statement of facts had been agreed to by counsel the record would contradict itself, and we would be unable to determine which was the more credible the bill of exception or the statement of facts. Both being the result of agreement between parties and of equal dignity, we could not say whether the court below erred or not. Michael v. Truehart, 48 Texas, 220; Wiseman v. Baylor, 69 Texas, 66; Ramsey v. Hurley et al., 72 Texas, 194.

The bill of exception appears to have been agreed to as provided by article 1364, Revised Statutes, while the statement of facts was made by the judge upon failure of counsel to agree. It seems that in such case the bill of exception should prevail against the statement of facts; otherwise the trial judge in making up the statement of facts could deprive a party of the benefit of his bill of exception agreed to and approved by the court. Gaines v. Salmon, 16 Texas, 312.

We think the bill of exception does not contain a full and proper presentation of the testimony objected to, for it appears from the statement of facts that while appellees testified to the matter complained of, it also appears that they in the same connection testified "but we made no complaint to him about this." The jury returned a verdict for actual dam-

ages only, and it does not appear probable that they were influenced by this testimony to the injury of appellant. We do not think the evidence was calculated to so affect the jury, and in view of the verdict we think the ruling was immaterial.

The second assignment is:

"On the trial of the case Rolla Fallon was asked by his attorneys while on the stand as a witness for defendants, if he and Lehr did not contemplate a change in their business, and to take in place of John Lehr a Mr. Simmons, of Goliad County, and if Simmons had not been to look at the business and expressed himself satisfied, and his intention of closing up his business and taking Lehr's place, and if he, Fallon, had not informed plaintiff of this before the attachment was sued out. To these questions plaintiff objected on the grounds that the evidence was irrelevant, and plaintiff was not bound to rely on the information, which objection was overruled by the court and the witness permitted to testify, as shown by bill of exception."

It appears that on the 25th day of April, 1883, Fallon wrote appellant in regard to getting Simmons to buy out Lehr's interest in the partnership, and asked that appellant would answer him at once in regard to the matter. On the 30th day of the same month, having received no reply to his letter, Fallon telegraphed appellant: "Do you accede to my proposition of the 25th? Simmons, of Goliad, wants me to let him know at once by telegraph. Answer this by telegraph."

Both the letter and message were received by appellant, but he made no reply to either. The ground of attachment was that appellees were about to dispose of their property with intent to defraud their creditors, and we think the evidence was clearly admissible as tending to disprove the ground of attachment. There was no evidence of any other contemplated sale or change in appellees' business, and this change was fully made known to appellant by Fallon, which, we think, was inconsistent with an intent to defraud their creditors. It is true that appellant "was not bound to rely on the information" received from Fallon through his letter and telegram, but it appears from his testimony that he did rely on it, for he states that he had no ground for attachment except his notes and the letter and telegram from Fallon, and knew nothing but the information which these papers contained. We think the court did not err in the particular complained of in the second assignment.

The third assignment is:

"Each defendant, Fallon and Lehr, was asked by their attorney while testifying on his own behalf what they had been doing since the attachment was sued out. Plaintiff objected on the ground that what each had done since was immaterial and could not affect the question at issue. These objections were overruled and each defendant permitted to testify, as shown by exception No. 3." As the jury found only actual damages,

the value of the stock of merchandise taken under the attachment, it is clear that appellant sustained no injury from the ruling here complained of.

The effect of the fourth assignment of error is that the verdict of the jury is contrary to the law and the evidence. There is no complaint of the charge of the court. The only evidence as to the value of the stock of goods was the testimony of appellees, who testified that the stock was of the value of $4400 or $4500, and both of them also testified that the entire stock was seized and taken possession of under the attachment in favor of appellant, and there is nothing in the record tending to contradict their testimony. It is true that the sheriff's return upon the writ shows that he valued the goods levied upon at $2225, but there is nothing in the return or elsewhere in the record indicating that he did not levy upon the entire stock. The only evidence that other writs of attachment were sued out against appellees was the testimony of appellees themselves. They testified that two other attachments were levied on the goods after they were taken possession of under appellant's writ; one of these was in favor of McClelland & Oran, of which firm appellant was a member, for the sum of $149, which was levied immediately after the levy of appellant's writ; and the other was a writ in favor of Bradley & Co., for what amount does not appear, which was not levied until about two months after the stock of goods had been taken under the writ in this case.

We think the evidence abundantly sustains the verdict and that the verdict and judgment are not contrary to law. We think it clear that the attachment was wrongfully sued out without probable cause, and we are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted June 4, 1889.