MISSOURI, K. & T. RY. CO. OF TEXAS v. STOREY et al. (No. 5773.)

(Court of Civil Appeals of Texas. March 29, 1917. Rehearing Denied May 23, 1917.)

1. APPEAL AND ERROR ⟞1051(1)—HARMLESS ERROR—EVIDENCE.

Alleged error in the admission of a witness' testimony could not require a reversal where the pertinent facts testified to by him were proved by two other witnesses.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161, 4162, 4165, 4166.]

2. APPEAL AND ERROR ⟞664(2)—INVITED ERROR—DEPOSITIONS—ADMISSION IN EVIDENCE.

An assignment of error complaining of the admission of a deposition in evidence will be overruled where it appears from statement of facts agreed to by appellant that the deposition

was put in evidence by him, though the bill of exceptions impliedly states that it was offered in evidence by appellees.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2857.]

3. APPEAL AND ERROR ☞994(1)—REVIEW—CREDIBILITY OF WITNESSES.

Where the judgment is supported by evidence, the appellate court will not pass on the credibility of the witnesses, though, if it had been the trial court, it might have decided the case otherwise.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901, 3906.]

Appeal from District Court, Caldwell County; Frank S. Roberts, Judge.

Action by J. T. Storey and another against the Missouri, Kansas and Texas Railway Company of Texas. From judgment for plaintiffs, defendant appeals. Affirmed.

A. B. Storey, of San Antonio, and Jeffrey & Fielder, of Lockhart, for appellant. E. B. Coopwood and M. O. Flowers, both of Lockhart, and Hart & Woodward, of Austin, for appellees.

KEY, C. J. Appellees sued appellant for damages, alleging that in December, 1913, they delivered to appellant 217 bales of lint cotton, and that appellant received the same under a contract of shipment, by which it became obligated to transport the cotton with dispatch and safety from Lockhart to Houston, Tex., and to deliver the same to the consignees named in the contract. It was also alleged that the cotton was in good condition when received by appellant, and that through appellant's negligence it was permitted, while in its possession, to get wet and become damaged, as a result of which it became necessary to have the damaged cotton separated from that which was not damaged, and to have the same recompressed.

It is not deemed necessary to state all the allegations in appellees' petition, which alleged that, as a result of the matters complained of, appellees had been damaged in the sum of $1,098.54. Appellant answered by general demurrer, general denial, and a special plea, the particulars of which it is not deemed necessary to state. There was a nonjury trial, which resulted in a judgment for appellees for $1,068.68, from which judgment this appeal is prosecuted.

The first three assignments of error complain of the action of the trial court in permitting E. S. Woodhead, Dave Rice, and Dan Mullane, to testify as witnesses concerning the condition of the cotton when received in Houston, what was done with it there, etc.

[1] If it be conceded that the testimony of the witness Woodhead was not admissible, we do not think the case should be reversed, because the pertinent facts testified to by him were proved by the testimony of the other two witnesses referred to.

The testimony of the witness Rice is similar to that held admissible by this court in

I. & G. N. R. R. Co. v. Startz, 42 Tex. Civ. App. 85, 94 S. W. 207, and therefore we overrule appellant's assignment relating to that testimony.

[2] The third assignment complains of the action of the court in permitting the deposition of the witness Dan Mullane to be read to the jury. But the statement of facts shows that Mullane's deposition, in reply to both direct and cross interrogatories, was put in evidence by appellant, and therefore we overrule that assignment of error. The bill of exception does not specifically state who offered that deposition in evidence, but, if it be conceded that it impliedly states that it was offered by appellees, still, as appellant agreed to the statement of facts, which states that it was offered by appellant, it cannot be heard to complain of the admission of that testimony. Wiseman v. Baylor, 69 Tex. 63, 6 S. W. 743.

The other questions presented in appellant's brief have been duly considered, and are decided against appellant.

[3] In so far as the testimony is reflected by the statement of facts, it may be that this court would have decided the case in favor of appellant, it had been required to pass upon it as a trial court; but there is testimony tending to support the judgment, and as it was the province of the trial court, and is not the province of this court, to pass upon the credibility of witnesses, we overrule the assignments which assert that the judgment is not supported by, and is contrary to, the testimony.

No reversible error has been pointed out, and the judgment is affirmed.

Affirmed.