SOUTHWESTERN PORTLAND CEMENT CO. v. SCHWARTZ. (No. 1002.)

(Court of Civil Appeals of Texas. El Paso. May 29, 1919.)

1. CONTRACTS ⊚⟹28(2)—AGREEMENT FOR REBATE—EVIDENCE—RELEVANCY.

In an action by owner of building against cement company to recover an alleged agreed rebate, the owner's testimony as to his preference for a steel building over a concrete one, and the effort of cement company to induce him to change to concrete, and of his being so induced by confidential rebate agreement *held* relevant to the issue as to the amount of agreed rebate.

2. APPEAL AND ERROR ⊚⟹1170(7) — HARMLESS ERROR—EVIDENCE—IRRELEVANT AND IMMATERIAL—INJURY.

In an action on an alleged agreement for a rebate on a sale of cement, admission of evidence as to plaintiff, owner, being induced by the defendant cement company to contract for a concrete instead of a steel building, the rebate agreement being an inducement for using concrete, if immaterial and irrelevant testimony, was harmless, because not resulting in injury. Court Rule 62A (149 S. W. x).

3. COSTS ⊚⟹262 — APPEAL — SUGGESTION OF DELAY—CONSIDERATION OF ENTIRE RECORD.

An appellee's suggestion that the appeal was taken for delay opens the entire record for consideration.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by A. Schwartz against the Southwestern Portland Cement Company. From judgment for plaintiff, defendant appeals. Affirmed.

Burges & Burges, of El Paso, for appellant.
Goldstein & Miller, of El Paso, for appellee.

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HIGGINS, J. Appellee, Schwartz, in contemplation of the erection of a six-story building with basement in the city of El Paso, had two sets of plans and specifications drawn, one set being for a re-enforced concrete structure, the other for a structure upon a steel frame. Appellant was a manufacturer of cement in or near said city. Schwartz was undecided as to which character of building he would erect, and as an inducement for him to erect the concrete structure and use appellant's product appellant, acting through its sales manager, McCurdy, agreed with Schwartz that it would make a rebate to him upon the purchase price of every barrel of cement used in the construction of the building. Schwartz accepted the proposal, and constructed the building of concrete, using in so doing 6,988 barrels of cement manufactured by appellant. It is admitted by appellant that an agreement was made for a refund, and the only controversy between the parties is as to the amount per barrel of the refund. Schwartz brought this suit to recover the sum of $1,747, alleging that the refund agreed upon was 25 cents per barrel. Appellant tendered in court $349.40, contending that the agreed refund was to be 5 cents a barrel. The only issue submitted to the jury was how much per barrel did appellant agree to refund to Schwartz. Their answer was 25 cents per barrel.

[1] The only error assigned is to the admission of testimony of appellee, Schwartz, as follows:

"When I had this discussion with Mr. McCurdy in New York, I discussed with him then the question of my preference for a steel over a concrete building. I showed him the plans and we went all over them, and I stated to him why I preferred steel. One of the reasons was, if I would start a steel building—you know we were crowded for time, the Popular Dry Goods Company was crowded for time—and a steel building, after you get the material on the ground, you can build much quicker than concrete. The next was, in a steel building the columns are smaller, which was a big inducement to tenants; the concrete columns are practically twice as big as steel columns would be. I certainly did state those to Mr. McCurdy. We also had a discussion as to the relative values of steel and concrete. He told me how much it would cost, and I says, 'I know it will cost more, but I am willing; it is worth more. If I want to change it, you can change steel easier than concrete.' I discussed with him as to which made a better building, steel or concrete. That a steel building, the way I was to build, with hollow tile for the floor instead of cement, to use hollow tile around the columns and also the floor. I had bids on that too, from the Union Brick Company; he knew about that. Anyhow, we discussed it quite a while, and he told me, 'Schwartz, we can't afford to let you put up a steel frame building in El Paso, because we are in the cement business, and I will make you a proposition where it will be worth while. Of course, it will have to be strictly confidential.' "

The Popular Dry Goods Company referred to in the foregoing testimony was to occupy the proposed building. It is objected that the only issue in the case was the amount of the agreed rebate and the testimony complained of was immaterial and irrelevant to that issue.

The other members of the court are of the opinion that the objection was not well taken, and that the testimony was admissible. Schwartz's testimony discloses that for various reasons he was inclined to construct the steel frame building, although a concrete structure would cost 10 or 15 per cent. less. He had been advised by the contractor that the concrete structure would require about 9,000 barrels of cement. The evidence further discloses that the lowest bid for the construction of a concrete building was about $180,000. Mr. Greenleaf, in discussing the general rules as to relevancy of evidence, says that evidence "is admissible if it tends to prove the issue." 1 Green. on Ev. 51a. A rebate of 25 cents per barrel upon the basis of 9,000 barrels would have meant a substantial discount to Schwartz, whereas a rebate of 5 cents per barrel might be regarded as insignificant, considering the cost of the building. The other members of the court, therefore, consider the evidence objected to as tending to prove the issue as contended for by appellee, and therefore not irrelevant. The writer also is inclined to the view that the objection was not well taken, but considers that it may be doubtful. He, therefore, concurs in the affirmance upon the ground now indicated as to which we all agree.

[2] Conceding that the testimony was irrelevant and should have been excluded, the error in refusing so to do did not harm appellant, and therefore is not reversible.

Cases may be found where reversals were based upon the admission of irrelevant evidence, but in all of them we believe it will be found that the evidence was of a nature or character calculated to in some wise improperly influence the jury in the determination of the issues before them. It is well settled that the erroneous admission of irrelevant and immaterial testimony is not ground for reversal where no injury was done. Railway Co. v. Hume Bros., 87 Tex. 211, 27 S. W. 110; McClelland v. Fallon & Lehr, 74 Tex. 236, 12 S. W. 60; Railway Co. v. Williams, 194 S. W. 1154; Loftus v. Sturgis, 167 S. W. 14; and other cases cited in 1 Michie Dig. 806-7.

We think no harm resulted to appellant by the admission of the testimony of Mr. Schwartz above set forth, and overrule the assignment. Rule 62A (149 S. W. x).

[3] Appellee has suggested that the appeal

was for delay. This opens the entire record for consideration. No reversible error is shown by the record, but we are not prepared to hold that the appeal was taken for the purpose of delay.

Affirmed.