MAGNOLIA PETROLEUM CO. v. REED.
No. 849.

Court of Civil Appeals of Texas. Eastland.
Sept. 18, 1931.

Rehearing Denied Oct. 16, 1931.

Conner & McRae, of Eastland, for appellant.

W. S. Adamson, of Ranger, for appellee.

HICKMAN, C. J.

The appeal is from a judgment in favor of appellee against appellant for the value of a Jersey calf drowned in a pit located on the Nash lease near Ranger. The case was tried in the county court on appeal from the justice court. Appellee's cause of action was based upon the alleged negligence of appellant in failing to fence the pit or use such means as reasonably necessary to prevent the calf from falling into it. The leased premises were not fenced and there is no showing of the existence of any stock law.

Appellant's bill of exceptions No. 3 presents reversible error. Omitting formal parts, the bill reads as follows: "The witness Joe A. Lawrence was being cross-examined by counsel for plaintiff, and over the timely objection of counsel for defendant, said witness was permitted to testify in the presence and hearing of the jury as follows: 'Sometime after Mr. Reed's calf is claimed to have been injured he was over at Olden, and in a conversation there with Mr. Clifton, when I was present, Mr. Reed stated that several months prior to the time his calf is said to have fallen in the pit on the Nash farm a cow had fallen in the same pit and that the defendant had paid for the loss of that cow. This was the first time that either Mr. Clifton or myself knew that the pit was open, but on this occasion I was told by Mr. Reed that two or three months prior to April 7, 1927, a cow which fell in the same pit was drowned and the defendant paid for the loss. After this conversation under the instruction of Mr. Clifton I filled up the pit in question. I had previously had no information as to the then condition of said pit.' To which testimony the defendant then and there timely objected for the reason that the same was hearsay, prejudicial, irrelevant, immaterial, and was not the proper basis for any recovery in this case, and tended to the prejudice of defendant to establish negligence on the part of defendant in this case on account of the defendant having recognized probably by way of compromise liability on account of the then condition of said pit: But the court overruled said objections and permitted said testimony to be introduced before and in the presence and hearing of the jury, and to which action of the court in permitting said testimony to be given in the presence and hearing of said jury over said objections, counsel for defendant duly excepted. * * *"

We have concluded that this was not the proper way to present to the jury that appellant had paid for the loss of the cow which drowned in this same pit. It seems to be the well-established rule in this state that, on the issue of negligence, it was proper for the appellee to offer proof that appellant had paid others for damages which resulted just as appellee's did. This evidence seems to be admissible on the ground that it involves an admission by appellant that the cause of the damages was its own negligence. Galveston, etc. Ry. Co. v. Hertzig, 3 Tex. Civ. App. 296, 22 S. W. 1013; St. Louis S. F. & T. Ry. Co. v. Thomas (Tex. Civ. App.) 167 S. W. 784; Texas & N. O. Ry. Co. v. Commercial Union Assur. Co. (Tex. Civ. App.) 137 S. W. 401; San Angelo Water, Light & Power Co. v. Baugh (Tex. Civ. App.) 270 S. W. 1101; Marsh v. Tiller et al. (Tex. Civ. App.) 293 S. W. 223; Harris v. Allison (Tex. Civ. App.) 11 S.W.(2d) 821; Hussmann v. Leavell & Sherman (Tex. Civ. App.) 20 S. W.(2d) 829.

From the case first above-cited we quote as follows: "Such being the case, the point for our decision is, was the fact that defendant paid others for damages which resulted just as plaintiff's did, and from the same cause, admissible, as involving the admis-

sion that the cause of the fire was its own negligence? We think that it was. The payment of the claims of the others did not necessarily admit a liability either to them or to the plaintiff; but, unexplained, it tends in that direction. , It was susceptible of explanation, and its weight depended upon such facts as might be adduced to qualify it, and was therefore proper to go before the jury for their consideration." In that case, as in the instant one, the contention was made that the evidence was objectionable as involving the statement of a compromise. But it was there held that proof of payment is no proof of compromise. The record before us presents no question of the appellee's proving a compromise, but merely proving that appellant paid off another claim based upon the same facts as those existing in. this case. We therefore overrule the objection which presents the question that it was incompetent for appellee to prove that appellant had paid a claim for a cow drowned in this same pit. a short time prior to the drowning of appellee's calf therein.

But this holding does not make the evidence offered by appellee competent and admissible. Appellee did not prove that appellant had paid off the claim for the cow, but, over the objection of appellant that the evidence was: hearsay, prejudicial, and. irrelevant, and not the proper basis for any recovery, appellee was permitted to prove by appellant's witness, not that appellant had paid a claim for damages for the loss of a cow, but that, after the loss of appellee's calf he (the appellee) had informed this witness that appellant had paid such claim. There is no evidence in the record that such claim was ever presented or paid, but only evidence that appellee himself had stated to the witness that such claim had been paid. This was clearly hearsay. The record does not show that this error was harmless, but, contrarily, that it was damaging.

We have not overlooked the fact that there is some variance between the bill of exceptions preserving this question and the statement of facts. Ordinarily the rule is that, where there is a direct conflict between the bill of exceptions and the statement of facts, the latter will control; but this rule obtains only where the statement of facts has been agreed to by the parties and approved by the presiding judge. In this case the attorneys failed to· agree on the statement of facts and the trial judge prepared and filed one. In this condition of the record the bill of exceptions must control, even if we should be of opinion that there was direct conflict between it and the statement of facts. This exception to the rule is stated in 3 Tex. Jur. § 564, p. 797, in this language: "The rule does not apply where the statement of facts is made up by the court on

failure of the parties to agree. Under such circumstances the bill of exceptions will control." Cases are cited which support this statement of the rule, among them being McClelland v. Fallon & Lehr, 74 Tex. 236, 12 S. W. 60.

The other errors 'assigned are either without merit ·or will not probably arise upon another trial. They will not therefore be discussed.

Reversed and remanded.